IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD A. JOBES, | § | |
| | § | |
| Defendant Below, | § | No. 529, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1510004414 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 11, 2019
Decided: February 25, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Edward Jobes, appeals from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Jobes's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that on December 7, 2015, a grand jury indicted Jobes for Rape Third Degree, following his arrest for engaging in sexual intercourse with a fourteen-year-old girl. On February 24, 2016, Jobes pleaded guilty to the lesser-included offense of Rape Fourth Degree. The parties agreed on an open

sentencing and a presentence investigation was conducted. On May 24, 2016, the Superior Court sentenced Jobes to fifteen years' incarceration, suspended after four years for decreasing levels of supervision. Jobes did not file a direct appeal.

(3) In July 2016, Jobes filed a motion for modification of sentence. That motion was denied. On July 18, 2016, Jobes filed a motion for postconviction relief under Superior Court Rule 61. Jobes argued, among other things, that (i) the prosecution committed misconduct by withholding favorable evidence and not offering him a plea to unlawful sexual contact; (ii) there was insufficient evidence to indict or convict him; (iii) his counsel was ineffective because she did not fully review discovery materials with Jobes, did not sufficiently investigate and present mitigating evidence at sentencing, and provided him insufficient advice in connection with his guilty plea; (iv) the State violated the Fourth Amendment by seizing his cell phone and computer and extracting data from them, and his counsel should have sought suppression of that evidence; and (v) the police coerced his confession. A Superior Court Commissioner recommended that Jobes's motion for postconviction relief should be denied, reasoning that his claim of ineffective assistance of counsel did not provide a basis for relief because Jobes voluntarily pleaded guilty; his counsel's representation was well within the range of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984); during his plea colloquy Jobes stated he was satisfied with defense counsel's representation;

2

and Jobes failed to make concrete allegations that he was prejudiced by his counsel's alleged ineffectiveness. The Commissioner determined that Jobes's other claims were procedurally barred by Rule 61(i)(3) because they were not asserted before his conviction.[1] The Superior Court adopted the Commissioner's report and denied the motion. Jobes now appeals to this Court.

(4) On appeal, Jobes argues that (i) the prosecution committed misconduct by withholding favorable evidence and not offering him a plea to unlawful sexual contact; (ii) there was insufficient evidence to indict or convict him; (iii) his counsel was ineffective because she did not fully review discovery materials with Jobes; and (iv) the State violated the Fourth Amendment by seizing his cell phone and computer and extracting data from them, and his counsel should have sought suppression of that evidence.[2] We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3]

(5) As an initial matter, the Superior Court correctly recognized that Rule 61(i)(3) barred Jobes's claims that did not implicate the effectiveness of his counsel because he did not raise those claims during the guilty plea proceeding and did not

---

[1] SUPER. CT. CRIM. R. 61(i)(3) (barring "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court," unless the defendant shows "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights").

[2] To the extent Jobes raises other issues on appeal, they were not raised in the Superior Court, and we therefore decline to address them. See SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

demonstrate cause for the procedural default.[4]  A successful claim of ineffective assistance of counsel can constitute "cause" under Rule 61(i)(3).[5]  But to prevail on such a claim within the context of a guilty plea, a movant must show that (i) his counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for the alleged errors of counsel, the movant would not have pleaded guilty and would have insisted on going to trial.[6]  A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[7]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[8]

(6)    In this case, Jobes's claims of ineffective assistance of counsel are not supported by the record.  The evidence against Jobes included his confession to the police that he engaged in sexual conduct with a fourteen-year-old girl.  If Jobes had gone to trial on the charge of Rape Third Degree, which is a Class B felony, he risked the imposition of a prison sentence of at least two years and up to twenty-five years.[9]  By pleading guilty to Rape Fourth Degree, which is a Class C felony, he ensured a

---

[4] SUPER. CT. R. 61(i)(3); *see also Fields v. State*, 2017 WL 4607424 (Del. Oct. 12, 2017).
[5] *Cook v. State*, 2000 WL 1177695 (Del. Aug. 14, 2000).
[6] *Duffy v. State*, 2019 WL 459982 (Del. Feb. 5, 2019); *Fields*, 2017 WL 4607424.
[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[8] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[9] 11 *Del. C.* § 4205(b)(2) (providing for a term of Level V incarceration for a Class B felony of "not less than 2 years up to 25 years"); 11 *Del. C.* § 771 (establishing rape in the third degree as a Class B felony).

much lower maximum term of incarceration and eliminated the minimum term of incarceration.[10] Under these circumstances, Jobes cannot demonstrate a reasonable probability that the outcome of his case would have been better for him if he had gone to trial rather than enter into a plea agreement. We therefore conclude, as did the Superior Court, that the claim of ineffective assistance of counsel is without merit.

(7)     To the extent that Jobes contends that his other claims of error warrant reversal separate from his assertion of ineffective assistance of counsel, those claims are waived by his guilty plea. Jobes could have raised the claims at trial if he had gone to trial, but he did not. Instead, he chose to enter into the plea agreement. A knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea.[11]

(8)     In this case, having reviewed the transcript of the guilty plea proceeding, the Court has no doubt that Jobes entered his plea knowingly, intelligently, and voluntarily. During the colloquy with Jobes, the Superior Court made sure that Jobes understood the charges against him and what the guilty plea would mean for him. Jobes expressed no reservation whatsoever when entering his plea. He indicated he understood that he was waiving certain trial rights by pleading

---

[10] 11 *Del. C.* § 4205(b)(3) (providing for a term of Level V incarceration for a Class C felony of "up to 15 years"); 11 *Del. C.* § 770 (establishing rape in the fourth degree as a Class C felony).
[11] *Fields*, 2017 WL 4607424; *Smith v. State*, 2004 WL 120530 (Del. Jan. 15, 2004).

guilty, including his right to require the State to prove each element of the charges against him beyond a reasonable doubt. He also indicated that no one had coerced him into entering the plea, and he expressed satisfaction with his counsel's representation. Jobes acknowledged that he was pleading guilty to Rape Fourth Degree because he was in fact guilty of Rape Fourth Degree. Absent clear and convincing evidence to the contrary, Jobes is bound by his sworn representations during the guilty plea colloquy.[12]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002).

6